AARON J. FISCHER (SBN 247391)
  aaron.fischer@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200)
Facsimile: (510) 267-1201)

JULIA E. ROMANO (SBN 260857)
  jromano@kslaw.com
JENNIFER T. STEWART (SBN 298798)
  jstewart@kslaw.com
STACY L. FOSTER (SBN 285544)
  sfoster@kslaw.com
KING & SPALDING LLP
633 W Fifth Street, Suite 1700
Los Angeles, CA  900781
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Plaintiffs

[Additional Counsel Listed On Second Page]

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY MURRAY, DAVID FRANCO, SHAREEN WINKLE, MARIA TRACY, ERICK BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA, and SANTA BARBARA COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | Case No. 2:17-cv-08805-GW-JPR<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: December 6, 2017 |

[PROPOSED] STIPULATED PROTECTIVE ORDER

RICHARD DIAZ (SBN 285459)
 richard.diaz@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, CA 90017
Telephone: (213) 213-8000
Facsimile: (213) 213-8001

DON SPECTER (SBN 83925)
 dspecter@prisonlaw.com
CORENE KENDRICK (SBN 226642)
 ckendrick@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

DONALD F. ZIMMER, JR. (SBN 112279)
 fzimmer@kslaw.com
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1220
Facsimile: (415) 318-1300

JOSHUA C. TOLL (Admitted *Pro Hac Vice)*
 jtoll@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington DC 20036
Telephone: (202) 737-8616
Facsimile: (202) 626-3727

## 1. INTRODUCTION

### 1.1 PURPOSES AND LIMITATIONS

This action is likely to involve confidential, proprietary, highly sensitive, or private information, or information that could implicate the safety and security of a correctional facility and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2 GOOD CAUSE STATEMENT

This action is likely to involve confidential, proprietary, highly sensitive, or private information, or information that could implicate the safety and security of a correctional facility for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of, among other things, medical files, personnel files, records that identify inmates and/or parolees, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties believe they are

entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

**2.1 ACTION:** *Murray, et al. v. County of Santa Barbara, et al.*, U.S. District Court for the Central District of California, Case No. 2:17-cv-08805-GW-JPR.

**2.2 CHALLENGING PARTY:** a Party or Non-Party that challenges the designation of information or items under this Order.

**2.3 "CONFIDENTIAL" INFORMATION OR ITEMS:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**2.4 COUNSEL:** Outside Counsel of Record and County Counsel (as well as their support staff).

**2.5 DESIGNATING PARTY:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.6 DISCLOSURE OR DISCOVERY MATERIAL:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7 JOINT SUBJECT MATTER EXPERT:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been jointly retained by the Parties to serve as an expert witness or as a consultant in this Action.

**2.8 JOINT SUBJECT MATTER EXPERT FULL REPORTS AND APPENDICES:** a full report prepared by a Joint Subject Matter Expert, with personal identifying information replaced by codes (e.g. Prisoner A) and sensitive security information removed; and (2) a confidential appendix that identifies individual prisoner-patients discussed in the report (e.g. Prisoner A = NAME).

**2.9 EXECUTIVE SUMMARY:** a summary report prepared by a Joint Subject Matter Expert that summarizes the expert's findings, the factual bases of each of those findings, and recommendations for addressing any identified deficiencies, with personal identifying information replaced by codes (e.g. Prisoner A) and all other confidential and/or sensitive security information removed. The Parties agree that Executive Summaries are, by definition, not Protected Material, so long as they do not contain information that is privileged or otherwise protected from disclosure under state or federal law. Any dispute over whether information contained in an Executive Summary is privileged or otherwise protected from disclosure under state or federal law shall be resolved in accordance with the procedures set forth in Section 6 of this Order. When any such dispute is pending resolution, only the disputed portion will be treated as confidential and redacted as necessary, while all other parts of the Executive Summary shall be treated as non-confidential.

**2.10 NON-PARTY:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11 OUTSIDE COUNSEL OF RECORD:** attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated

with a law firm which has appeared on behalf of that party, and includes support staff.

    **2.12 PARTY:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    **2.13 PRODUCING PARTY:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    **2.14 PROFESSIONAL VENDORS:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    **2.15 PROTECTED MATERIAL:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

    **2.16 RECEIVING PARTY:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties, their Counsel, or Non-Party that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

- 4 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

### 5.1 EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### 5.2 MANNER AND TIMING OF DESIGNATIONS.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2.1 and section 5.2.2, below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

- 5 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

1     Designation in conformity with this Order requires:

2         5.2.1  for information in documentary form (e.g., paper or electronic
3 documents, but excluding transcripts of depositions or other pretrial or trial
4 proceedings), that the Producing Party affix at a minimum, the legend
5 "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
6 contains protected material. If only a portion or portions of the material on a page
7 qualifies for protection, the Producing Party also must clearly identify the
8 protected portion(s) (e.g., by making appropriate markings in the margins).

9         A Party or Non-Party that makes original documents available for
10 inspection need not designate them for protection until after the inspecting Party
11 has indicated which documents it would like copied and produced. During the
12 inspection and before the designation, all of the material made available for
13 inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
14 identified the documents it wants copied and produced, the Producing Party must
15 determine which documents, or portions thereof, qualify for protection under this
16 Order. Then, before producing the specified documents, the Producing Party must
17 affix the "CONFIDENTIAL legend" to each page that contains Protected Material.
18 If only a portion or portions of the material on a page qualifies for protection, the
19 Producing Party also must clearly identify the protected portion(s) (e.g., by making
20 appropriate markings in the margins).

21         5.2.2  for testimony given in depositions and exhibits attached to
22 deposition transcripts, the Designating Party must advise the Parties and the court
23 reporter during the deposition or within thirty (30) days thereafter, that the
24 deposition contains Protected Material or Disclosure or Discovery Material the
25 Designating Party intends to designate as CONFIDENTIAL. Upon such notice,
26 the entire transcript (including exhibits) shall be treated as CONFIDENTIAL for
27 thirty (30) days after the deposition, within which time the Designating Party shall
28 advise the Parties and the court reporter of the specific pages and lines, exhibits,

and/or portions of exhibits where the CONFIDENTIAL information appears. At the conclusion of this thirty (30) day period, transcript pages and exhibits containing CONFIDENTIAL information shall be designated with the "CONFIDENTIAL legend" and shall be treated as Protected Material under this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL information or Protected Material may be separately bound by the court reporter and shall not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   5.2.3 for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

 The Parties agree that Joint Subject Matter Expert Full Reports and Appendices are Protected Material and, as such, need not be designated as "CONFIDENTIAL" by any party to qualify for protection under this Order. However, all Joint Subject Matter Expert Full Reports and Appendices must contain the "CONFIDENTIAL legend." The Parties further agree that Executive Summaries are, by definition, not Protected Material, so long as they do not contain information that is privileged or otherwise protected from disclosure under state or federal law. Any dispute over whether information contained in an Executive Summary is privileged or otherwise protected from disclosure under state or federal law shall be resolved in accordance with the procedures set forth in Section 6 of this Order. When any such dispute is pending resolution, only the disputed portion will be treated as confidential and redacted as necessary, while all other parts of the Executive Summary shall be treated as non-confidential.

/ / /

**5.3 Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1 Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.2 Meet and Confer.** The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**6.3** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1 Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

1  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2  Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    7.2.1  the Receiving Party's Counsel or Outside Counsel of Record in this Action, as well as employees of said Counsel or Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    7.2.2  the employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    7.2.3  Expert witnesses and/or consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    7.2.4  the court and its personnel;

    7.2.5  court reporters and their staff;

    7.2.6  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    7.2.7  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    7.2.8  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the witness, and attorneys for the witness, sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

court. and

       7.2.9  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

       8.1.1  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

       8.1.2  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

       8.1.3  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or a court so orders. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

/ / /

/ / /

///

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.1.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

9.1.3 If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party

1 shall bear the burden and expense of seeking protection in this court of its
2 Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court provided the Court so allows.

**12.     MISCELLANEOUS**

**12.1     Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3 Filing Protected Material.** A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully Submitted,

Dated: March 6, 2018

By: /s/ Julia E. Romano
Julia E. Romano
KING & SPALDING LLP

Attorneys for Plaintiffs

Dated: March 6, 2018

By: /s/ Danielle Drossel
Danielle Drossel
OFFICE OF COUNTY COUNSEL

Attorneys for Defendants

## ATTESTATION RE SIGNATORIES

I, Julia E. Romano, hereby attest that the other signatories listed, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Executed on March 6, 2018 at Los Angeles, California.

/s/ Julia E. Romano
Julia E. Romano

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on March __, 2018 in the case of *Murray, et al. v. County of Santa Barbara, et al.*, United States District Court for the Central District of California, Case No. 2:17-cv-08805-GW-JPR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____

- 15 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: March 8, 2018

*/s/ Jean Rosenbluth*
_____
The Honorable Jean P. Rosenbluth
United States Magistrate Judge