AARON J. FISCHER (SBN 247391)
aaron.fischer@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone:   (510) 267-1200
Facsimile:    (510) 267-1201

JULIA E. ROMANO (SBN 260857)
jromano@kslaw.com
STACY L. FOSTER (SBN 285544)
stacy.foster@kslaw.com
KING & SPALDING LLP
633 W Fifth Street, Suite 1600
Los Angeles, CA  90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Plaintiffs

[Additional Counsel Listed On Second Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAY MURRAY, DAVID FRANCO, SHAREEN WINKLE, MARIA TRACY, ERICK BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA, and SANTA BARBARA COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | Case No. 2:17-cv-08805-GW-JPR<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **ORDER RE: PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Complaint Filed:  December 6, 2017 |

DON SPECTER (SBN 83925)
dspecter@prisonlaw.com
CORENE KENDRICK (SBN 226642)
ckendrick@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA  94710
Telephone:   (510) 280-2621
Facsimile:    (510) 280-2704

DONALD F. ZIMMER, JR. (SBN 112279)
fzimmer@kslaw.com
JENNIFER T. STEWART (SBN 298798)
jstewart@kslaw.com
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone:   (415) 318-1220
Facsimile:    (415) 318-1300

JOSHUA C. TOLL (Admitted *Pro Hac Vice*)
jtoll@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington DC 20036
Telephone:   (202) 737-8616
Facsimile:    (202) 626-3727

**~~PROPOSED~~ ORDER**

This matter comes before the Court upon consideration of Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses (the "Motion"). Having considered the briefing in support of the Motion, responses from class members, relevant legal authority, and the record in this case, the Court finds good cause to GRANT the Motion.

Pursuant to Federal Rule of Civil Procedure 23(h), class members were informed about the fee request in the Class Notice, and a full copy of the Motion was made available to all class members upon request. Class members were afforded an opportunity to comment or object to the Motion, and this Court held a hearing on the Motion.

After review of all briefing and evidence presented, this Court finds that the agreed-upon award of $1,132,809 is fair and reasonable. In this case, Plaintiffs sought to address the medical and mental health care provided to people in Defendants' jail facilities including discrimination against people with disabilities, suicide prevention policies and practices, the misuse and overuse of solitary confinement and deficiencies in the jail's overcrowded, understaffed and unsanitary facilities. The Stipulated Judgment does just that, and includes a comprehensive Remedial Plan that requires Defendants to implement specific policies, procedures, and practices intended to ensure minimally adequate mental health and medical care, to ameliorate or eliminate the risks of harm caused by dangerous solitary confinement practices, remedy deficient environmental health and safety conditions, and to ensure that people with disabilities receive reasonable accommodations and equal access to the programs, services, and activities that Defendants offer in the jail facilities.

To get to this result, Plaintiffs devoted approximately five years to investigating and litigating this case, meeting, corresponding with, and

interviewing prisoners, reviewing and analyzing healthcare records, inspecting the jail facilities, and meeting and negotiating with Defendants. The parties expended considerable time and resources negotiating the terms of the Stipulated Judgment and Remedial Plan.

The fee request reasonably reflects the time and labor required to litigate this matter and was appropriately calculated pursuant to the lodestar method.  Though counsel represented the Plaintiffs without charge, Plaintiffs' counsel exercised the same billing judgment and discretion accorded to private clients.  *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a 'reasonable' number of hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.'") (citations omitted, alterations in original).

Courts have long recognized that the lodestar method of calculating fees is strongly presumed to be reasonable.  *Oviatt v. Pearce,* 954 F.2d 1470, 1482 (9th Cir. 7 1992) ("There is a strong presumption that the lodestar figure is reasonable, and adjustments are to be adopted only in exceptional cases."); *Morales v. City of San Rafael,* 96 F.3d 359, 363 n.8 (9th Cir. 1996).

The agreed upon fee award fairly reflects the novelty and difficulty of the questions presented, the skill required in litigating this complex case, and the fact that Plaintiffs' counsel litigated this matter on a contingency basis.  In doing so, Plaintiffs' counsel dedicated a significant number of hours and incurred significant out-of-pocket expenses.

Accordingly, the request for $1,132,809 in attorney's fees and expenses is approved as fair, adequate, and reasonable, and Plaintiffs' Unopposed Motion for Attorney's Fees and Expenses is GRANTED.

IT IS HEREBY ORDERED THAT:

1. Defendants are ordered to pay Plaintiffs' counsel $1,132,809 for reasonable attorney's fees, expenses, and costs. Payment shall be made within 60 days of this order.

2. Defendants are is ordered to pay Plaintiffs' counsel reasonable attorneys' fees and expenses up to $125,000 per year for monitoring of implementation of the Stipulated Judgment and Remedial Plan and in the first year of the Stipulated Judgment, the costs and fees cap shall be prorated based on the commencement date of the Stipulated Judgment.

IT IS SO ORDERED.

DATED: February 1, 2021

*[signature: George H. Wu]*

The Honorable George Wu
U.S. DISTRICT JUDGE