**JS-6**

AARON J. FISCHER (SBN 247391)
aaron.fischer@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone:  (510) 267-1200
Facsimile:   (510) 267-1201

JULIA E. ROMANO (SBN 260857)
jromano@kslaw.com
STACY L. FOSTER (SBN 285544)
stacy.foster@kslaw.com
KING & SPALDING LLP
633 W Fifth Street, Suite 1600
Los Angeles, CA  90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Plaintiffs

[Additional Counsel Listed On Second Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY MURRAY, DAVID FRANCO, SHAREEN WINKLE, MARIA TRACY, ERICK BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA, and SANTA BARBARA COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | Case No. CV 17-8805-GW-JPRx<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF STIPULATED JUDGMENT**<br><br>DATE:       February 1, 2021<br>TIME:        8:30 a.m.<br>JUDGE:      Hon. George H. Wu<br>COURTRM: 9D<br><br>Complaint Filed:  December 6, 2017 |

1  DON SPECTER (SBN 83925)
   dspecter@prisonlaw.com
2  PRISON LAW OFFICE
   1917 Fifth Street
3  Berkeley, CA  94710
   Telephone:  (510) 280-2621
4  Facsimile:   (510) 280-2704

5
   DONALD F. ZIMMER, JR. (SBN 112279)
6  fzimmer@kslaw.com
   JENNIFER T. STEWART (SBN 298798)
7  jstewart@kslaw.com
   KING & SPALDING LLP
8  101 Second Street, Suite 2300
   San Francisco, CA 94105
9  Telephone:  (415) 318-1220
10 Facsimile:   (415) 318-1300

11 JOSHUA C. TOLL (Admitted *Pro Hac Vice)*
   jtoll@kslaw.com
12 KING & SPALDING LLP
13 1700 Pennsylvania Ave NW
   Washington DC 20036
14 Telephone:  (202) 737-8616
   Facsimile:   (202) 626-3727
15

16
17
18
19
20
21
22
23
24
25
26
27
28

-1-

On January 14, 2021, Plaintiffs and Defendants filed a Joint Motion for Final Approval of Stipulated Judgment. The matter came before the Court for a hearing on February 1, 2021. Having considered the briefing in support of the motion, the lack of objections from class members, relevant legal authority, and the record in this case, the Court **GRANTS** the motion.

1. Under Federal Rule of Civil Procedure 23(e), "claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." The Ninth Circuit has instructed district courts to consider and balance multiple factors when assessing whether a settlement is "fair, adequate, and free from collusion" under Rule 23(e). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). These factors include:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* at 1026. "This list is not exclusive and different factors may predominate in different factual contexts." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

2. The Court finds that consideration of the factors favors the proposed settlement, and that the settlement is fair, reasonable and adequate.

   a. *Strength of Plaintiffs' Case and the Risk, Expense and Complexity of Further Litigation*: The Plaintiffs' case is strong, as shown by the evidence that has been submitted and the serious ongoing settlement discussions that began even before the complaint was filed. However, Plaintiffs face substantial burdens in demonstrating a current and ongoing violation of individuals' constitutional rights on a system-wide basis. Proceeding through pre-

-1-

trial motions, trial, and possible appeal would impose risks, costs and a substantial delay in the implementation of any remedy in this matter.

      b.    *Risk of Maintaining a Class Action Through Trial*: Plaintiffs face little or no risk of maintaining class action status throughout the trial. The Court approved the Plaintiffs' application for class action status on May 31, 2018, Doc. No. 35, and it is unlikely that Defendants would contest class certification if the Court rejects the proposed Stipulated Judgment. *See* Fed. R. Civ. P. 23(c)(1)(C) (allowing court to revisit certification before final judgment).

      c.    *Extent of Discovery Taken in the Case*: Settlement discussions began even before the filing of this case and were informed by considerable information-sharing as well as the investigation conducted through class counsel Disability Rights California's statutory access authority. Throughout, Plaintiffs' counsel had access to the Jail, personnel who worked there, and people incarcerated there. The settlement also was informed by the opinions of neutral experts who had access to the Jail.

      d.    *Experience and Views of Counsel*: Plaintiffs' counsel has extensive experience in prisoners' rights litigation and complex class action litigation and believe that the settlement here is in the best interest of all plaintiffs. Defendants are represented by counsel who similarly are experienced and knowledgeable in this type of litigation.

      e.    *Reaction of the Class Members to the Settlement*: The reaction of class members to the settlement further supports final approval. The Court received no comments or objections by class members raising any concerns or demonstrating that the Stipulated Judgment does not fairly, reasonably and adequately resolve the class's and the disability subclass's claims for injunctive relief.

       The Court notes that the settlement will not bar individual damage claims by class members. *See Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996) ("[T]he general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events."). Overall, the reaction to the Stipulated Judgment therefore weighs in favor of approval.

       f.    *Whether the Settlement Appears Non-Collusive*: This Court finds the proposed settlement is the product of arm's-length, serious, informed, non-collusive negotiations. The parties have presented no reason for the Court to reconsider this finding. Accordingly, this factor weighs in favor of approval.

    3.    The Court further finds that the Stipulated Judgment meets the requirements of the Prison Litigation Reform Act at 18 U.S.C. § 3626(a). In so doing, the Court finds that the relief contained therein is narrowly drawn, extends no further than necessary to ensure the protection of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

    4.    The parties have agreed that Homer Venters, M.D. (Medical Care), Kahlil Johnson, M.D. (Mental Health, Suicide Prevention), Michael Brady/Sabot Group (ADA-Disability, Environment of Care), and Terri McDonald (Custody Operations) will serve as Remedial Plan Experts to (a) advise the Court on Defendants' compliance or non-compliance with the Remedial Plan, as necessary; (b) assist with dispute resolution matters; and (c) provide testimony, if required, in any proceedings before the Court. Consistent with the parties' agreement, the Remedial Plan Experts will monitor implementation of and compliance with the Remedial Plan and assist in dispute resolution, as set forth in the Stipulated Judgment and the provisions in Exhibit B therein.

Accordingly, the Court hereby **GRANTS** the Joint Motion for Final Approval of the Class Action Settlement. The Court therefore approves and adopts the Stipulated Judgment as the Order of the Court, orders the parties to comply with all its terms, and orders Defendants to implement the Remedial Plan and accompanying policies pursuant to the schedule set forth therein.

IT IS SO ORDERED.

DATED: February 2, 2021

_____
HON. GEORGE H. WU,
U.S. DISTRICT JUDGE